IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Jamison, ) | |
| ) | Cr. No. 5:11-2066 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Vernon Jamison is a federal inmate currently housed at FCI-Bennettsville in Bennettsville, South Carolina. On March 21, 2013, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. On April 19, 2013, Respondent United States of America (the "government") filed a response and motion for summary judgment. By order also filed April 19, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a response in opposition to Respondent's motion on July 24, 2013.

I. FACTS AND PROCEDURAL HISTORY

Movant was indicted on August 17, 2011, and charged with a conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, which conspiracy began at least in or around 2003 to 2004 and continued up to and including June of 2008, in violation of 21 U.S.C. § 846 (Count 1); and use of a communication facility to facilitate the commission of a felony under the Controlled Substances Act, in violation of 21 U.S.C. §§ 843(b) and 18 U.S.C. § 2 (Counts 2-11). On December 15, 2011, Movant executed a plea agreement in which he agreed to plead guilty

to Count 1. Among other things, the plea agreement provided that Movant's failure to comply with any of the provisions of the agreement would grant the government the right, at its election, to void all of its obligations under the agreement. Id. ¶ 7. The plea agreement contained a cooperation provision whereby Movant agreed to provide full, complete, and truthful debriefings regarding all criminal activities about which he had knowledge. ECF No. 63, ¶ 8. The plea agreement also provided that Movant would submit to polygraph examinations as requested by the government, and that his refusal to take or his failure to pass any polygraph examination to the government's satisfaction would result, in the government's discretion, in the obligations of the government within the plea agreement becoming null and void. Id. ¶ 9. After hearing the matter, the court accepted Movant's change of plea on December 20, 2011.

The United States Probation Office (USPO) prepared a presentence investigation report (PSR). Movant was held accountable for 2,520 grams of cocaine base; 20,000 grams of cocaine; and 1,450 grams of marijuana, for a marijuana equivalent of 13,000.37 kilograms. Included in the amounts attributable to Movant were 1,450 grams of marijuana that had been located in a bag during a search of Movant's residence on April 13, 2011, approximately three years after the conclusion of the conspiracy for which Movant was indicted.

Movant's base offense level was 36. He received a two-level enhancement for possessing a dangerous weapon, based upon the seizure of a 9mm Beretta pistol that had been located in a pocket of the bag containing the 1,450 grams of marijuana. Movant received a three-level reduction for acceptance of responsibility, for a total offense level of 35. Movant's criminal history category was I, for a sentencing range under the United States Sentencing Guidelines of 168 to 210 months imprisonment. Movant's statutory mandatory sentence was ten years to life in prison. ECF No. 73.

Movant interposed objections to the PSR as follows:

1. Movant objected to the two-level enhancement for possession of a dangerous weapon. Movant contended that he did not possess firearms during conduct related to the offense of conviction. The USPO responded that pursuant to Application Note 3(A) of U.S.S.G. § 2D1.1(b)(1), the enhancement should apply unless it was "clearly improbable" that the weapon was connected with the offense. The USPO further responded that Movant was accountable for relevant conduct under U.S.S.G. § 1B1.3(a)(1). The USPO noted that a search warrant of the residence of Movant's brother, Alfonda Jamison, had uncovered a 9mm Beretta pistol in the pocket of a bag containing 1,450 grams of marijuana packed in two bags. Fingerprints on the exterior of one of the bags of marijuana were matched to Movant. Further, Movant admitted possessing the pistol when interviewed by federal authorities. Thus, the USPO did not revise the PSR.

2. Movant objected to the inclusion of the marijuana found in the search of his brother's residence because, like the Beretta pistol, it was not part of the relevant conduct or related to the offense conduct. The USPO responded that, as set out in the first objection, Movant was responsible for relevant conduct. The USPO also responded that Movant was responsible under U.S.S.G. § 1B1.3(a)(2) for all acts or omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction. The USPO stated that, upon examination of the discovery materials, ample evidence existed to prove the pistol and marijuana recovered at the residence of Movant's brother was part of the same common course of conduct as Movant's offense of conviction. Therefore, the USPO did not revise the PSR.

3. Finally, Movant objected to any paragraph referencing the mandatory minimum sentence of ten years. Movant contended that if his gun enhancement objection were sustained, and he complied with the requirements of U.S.S.G. § 5C1.2, he could qualify for the safety valve.[1] The USPO responded that Movant would not qualify for the safety valve because (1) he possessed firearms and (2) he had not truthfully provided information to the government. Accordingly, the USPO made no changes to the PSR.

See generally ECF No. 73-1.

---

[1] U.S.S.G. § 5C1.2, Limitation on Applicability of Statutory Minimum Sentences in Certain Cases (the "safety valve"), gives the court authority to impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence if certain criteria are met.

A sentencing hearing was held on April 26, 2012. Trial counsel informed the court that Movant had determined to withdraw the third objection involving Movant's eligibility for the safety valve. Transcript of Sentencing Hearing, ECF No. 103, 2. The court then heard argument regarding the first objection regarding the inclusion as relevant conduct of the marijuana seized in 2011, as well as the firearm enhancement for the Beretta seized in 2011. During the proceedings, the court inquired as to why the government had not presented the grand jury with a superseding indictment that included the marijuana and weapon as additional charges. Id. at 8. The government stated that, as part of plea negotiations, the government and Movant recognized that a two-level firearm enhancement under the Sentencing Guidelines was more favorable to Movant than a five-year consecutive sentence under 18 U.S.C. § 924(c),[2] had Movant been charged with possessing the firearm. Id. at 8. The government informed the court that it benefitted from not being required to return to the grand jury, and Movant benefitted by not being subject to a consecutive sentence. Id. at 8-10.

After a lengthy hearing on the objections, the court determined that Movant's possession of a weapon and marijuana were part of the same course of conduct as the offense of conviction, and thus constituted relevant conduct that appropriately was included in the PSR calculations. Id. at 31; see U.S.S.G. § 1B1.3(a)(2). Therefore, the court overruled the first and second objections to the PSR. The court granted a variance and applied a 1:1 cocaine base/cocaine powder ratio, which adjusted Movant's total offense level to 33, with a resulting Guidelines range of 135-168 months incarceration. The court also granted a variance pursuant to U.S.S.G. § 1B1.1 and 18 U.S.C. §

---

[2] 18 U.S.C. § 924(c) provides for a consecutive sentence of five years if a firearm is possessed in furtherance of a drug trafficking crime.

3553(a), and reduced Movant's sentence to the mandatory minimum statutory penalty of imprisonment for a term of 120 months. Judgment was entered on April 30, 2012.

Movant's § 2255 motion was timely filed on March 21, 2013. Movant raises the following issues:

> I.     INEFFECTIVE ASSISTANCE OF COUNSEL
>
> (1).    <u>Sentencing</u>
>
> (a).    Counsel was ineffective at sentencing for failing to argue for the Safety Valve provision under 18 U.S.C. § 3553(f).
>
> (b).    However, if the information offered by [Movant] does not qualify for the safety valve, then counsel was ineffective for not setting a meeting for [Movant] to proffer the necessary information.
>
> (2).    <u>Direct Appeal</u>
>
> (a).    Counsel was ineffective for not filing a direct app[eal] arguing the district court erred in not giving [Movant] the safety valve and for reasonableness.

ECF No. 87-1, 1.

## II. DISCUSSION

To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. <u>Id.</u> at 688. Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. <u>See id.</u> at 694. <u>Strickland</u> requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." <u>Id.</u> at 690. The court then must "determine whether, in light of all the circumstances,

the identified acts or omissions were outside the wide range of professionally competent assistance."
Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694.

In Hill v. Lockhart, 474 U.S. 52, 58-59 (1985), the Supreme Court held that, in order to prove ineffective assistance of counsel subsequent to a guilty plea, a movant must show that (1) counsel's errors were below a standard of reasonable competence, and (2) but for those errors, the movant would not have pleaded guilty but would have proceeded to trial. "A guilty plea is constitutionally valid if it represents a voluntary and intelligent choice among the alternative choices of action open to the defendant." United States v. Roberts, 426 F. App'x 195, 196 (4th Cir. 2011) (quoting United States v. Moussaoui, 491 F.3d 263, 278 (4th Cir. 2010)) (internal quotation marks omitted).

The court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Attorneys are permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success. United States v. Mason, 774 F.3d 824, 828 (4th Cir. 2014).

## Analysis

A.  Counsel was ineffective at sentencing for failing to argue for the Safety Valve provision under 18 U.S.C. § 3553(f).

Title 18, United States Code, Section 3553(f) provides the statutory basis for the safety valve:

> **(f) Limitation on applicability of statutory minimums in certain cases.**--Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title

> 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--
>
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

With respect to criterion (5), "the defendant must persuade the district court that he has made full, truthful disclosure of information required by the safety valve." United States v. Aidoo, 670 F.3d 600, 607 (4th Cir. 2012) (citing cases). The criterion "requires broad disclosure from the defendant; it is a tell-all provision that requires the defendant to 'truthfully supply details of his own culpability.'" Id. at 609 (quoting United States v. Real-Hernandez, 90 F.3d 356, 361 (9th Cir. 1996)).

The government argues that Movant cannot satisfy criterion (5) because he failed a polygraph examination taken on April 20, 2012, after his change of plea but before sentencing. The polygraph examination report provided by the government reveals that Movant's answers to some questions indicated deception. Further, it appears Movant admitted that he had withheld information regarding

the identities of two suppliers of illegal drugs and that he had failed to accurately described the full extent of the illegal drugs he obtained from two of his other suppliers. ECF No. 90-3. Although Movant disputes the accuracy of the polygraph results, the plea agreement provides that the failure to pass any polygraph examination to the government's satisfaction could result in the obligations of the government within the agreement becoming null and void. ECF No. 63, ¶ 9.

In addition, the government has provided the court with an email thread indicating trial counsel and the government discussed Movant's polygraph examination results. The government informed trial counsel that if Movant would withdraw his arguments that Movant was eligible for the safety valve, the government would not hold Movant in breach of the plea agreement or argue he should lose the reduction in offense level based on acceptance of responsibility. ECF No. 90-2. Trial counsel discussed the government's position with Movant, both orally and in writing. See ECF No. 90-1, 15-18.

The court finds trial counsel's performance to be within the wide range of professionally competent assistance. Trial counsel pursued a reasonable trial strategy of withdrawing a dubious safety valve argument in order to avoid subjecting Movant to a more harsh sentence. Had trial counsel refused to withdraw the safety valve argument, the government had the option of seeking a superseding indictment that could have resulted in Movant's receiving a consecutive sentence under 18 U.S.C. § 924(c). Alternatively, the government could have argued at sentencing that Movant was in breach of the plea agreement after he failed to pass the polygraph examination to the government's satisfaction. Had the court agreed, Movant could have lost his three-level reduction in his offense level for acceptance of responsibility, with the consequent higher sentencing guidelines

range appertaining to a total offense level of 38.[3]

Even assuming trial counsel was ineffective for failing to argue in favor of the safety valve, Movant cannot show prejudice. As the USPO concluded in the PSR, Movant did not meet the requirements of § 3553(f) and U.S.S.G. § 2D1.1(b)(16) because he possessed a weapon and failed to provide truthful information to the government. Thus, Movant was not eligible for the safety valve based on his failure to satisfy both criteria (2) and (5). The government's motion for summary judgment is granted as to this issue.

B.  <u>Counsel was ineffective for not setting a meeting for Movant to proffer the necessary information.</u>

The government has provided the court with correspondence from trial counsel to Movant in which trial counsel discusses Movant's opportunity to be debriefed by the government and the importance of being truthful in order to meet the terms of the plea agreement and the criteria of the safety valve. <u>See</u> ECF No. 90-1, 10-11. Thus, contrary to Movant's assertion, he was provided an opportunity to truthfully disclose information and evidence to the government. Movant elected not to do so. The court concludes that trial counsel's performance was not deficient in this regard. The government's motion for summary judgment is granted as to this issue.

C.  <u>Counsel was ineffective for not filing a direct appeal arguing the district court erred in not giving Movant the safety valve and for reasonableness.</u>

For the reasons set forth hereinabove, Movant's contentions regarding his entitlement to a reduction under the safety valve are without merit. An attorney does not render ineffective assistance of counsel for failing to argue meritless claims. <u>See</u> <u>United States v. Anthony</u>, 149 F. App'x 135,

---

[3] A total offense level of 38 and criminal history category I results in a sentencing guidelines range of 235 to 293 months incarceration. Utilizing a 1:1 ratio, Movant's total offense level would have been 36, for a sentencing guidelines range of 188-235 months incarceration.

136 (4th Cir. 2005). The government's motion for summary judgment is granted as to this issue.

### III. CONCLUSION

For the reasons stated, the government's motion for summary judgment (ECF No.91) is **granted**, and Movant's § 2255 motion (ECF No. 87) is **denied and dismissed, with prejudice**.

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

February 23, 2015

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**